IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DONOVAN EVANS**                                                                   **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.  3:13CV1059-LRA**

**MERIDIAN POLICE DEPARTMENT, et al.**                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Plaintiff Donovan Evans [49] and the Motions to Dismiss filed by Defendants James Lee and M.J. Hoadley and the City of Meridian [63, 65].  Plaintiff's Motion to Dismiss was presented at the omnibus hearing conducted January 27, 2015, and this Court granted his request to dismiss all Defendants except the City of Meridian.  Presumably, because an Order of Dismissal was not entered at that time, Defendants' motions are filed in the names of all Defendants.  Liberally construed, Plaintiff brings this cause of action against Defendant City pursuant to 42 U.S.C. § 1983, asserting that its officers violated his Fourth Amendment right to be free from false arrest.  Defendants assert that the undisputed facts establish that Evans has not and cannot state a viable constitutional claim against Defendants.  The Court finds that Defendants' motions are well taken and should be granted.

At the omnibus hearing held in this cause conducted on January 27, 2015, Plaintiff testified that he was arrested and charged with felony malicious mischief, contempt of court, simple assault, and carrying a concealed weapon in the City of Meridian.  He was jailed for approximately four months waiting to go to trial.  Evans testified that "somehow it got throwed out saying not a true bill and the rest were dismissed on the court date."  Evans believes that he

did not go to trial on any of the charges, although he did testify that he was "found not guilty." Evans testified that he did not know what happened, but he "wasn't guilty." He does not remember for sure as to whether or not he went to trial on the charges. The pleadings indicate that the charges for disorderly conduct and contempt of court occurred on December 29, 2010.

Evans filed a similar complaint on October 13, 2013, in *Evans v. Meridian Police Department,* Cause No. 3:13cv1057-DPJ-FKB. The instant complaint was filed on November 21, 2013. The complaint in 3:13cv1057 was dismissed by Judge Jordan by Order filed October 28, 2014, a copy of which is attached to Defendants' Motion to Dismiss as Exhibit 2 [63-2]. Judge Jordan's dismissal is currently on appeal to the Fifth Circuit Court of Appeals [63-3].

This Court has examined the complaint in 3:13cv1057 as compared to the instant complaint. Even considering all the amendments and other pleadings filed by Evans in this case, and considering his testimony at the omnibus hearing, the Court cannot distinguish this case from the one previously dismissed by Judge Jordan. In an effort to do so, this Court entered an Order [42] on November 26, 2014, directing Evans to explain the difference. He filed a response [41], but the Court is still unable to find the distinctions in the cases.

Evans was questioned as to the differences at the omnibus hearing, and he appears to be claiming that he filed a new and separate complaint for each charge for which he was arrested. He is not sure. He does not remember whether or not the charges were all made at the same time, or whether some of the time he spent in jail was for charges for which he was found guilty. It is simply impossible to determine any differences in this cause and 3:13cv1057.

The Court finds that Evans's claims for false arrest were presented in Judge Jordan's case, 3:13cv1057, and he cannot continue this case as a separate action for that reason. Evans's

false arrest charges may be presented in that case as to all of the charges for which he was arrested in Meridian. Judge Jordan dismissed the complaint *without prejudice,* so he may refile his claims if he is able to state a claim upon which relief can be granted.

Even if Evans intends to sue over separate events, the instant complaint must be dismissed on the same basis as in 3:13cv1057. Defendants assert that Evans's filings failed to state a claim upon which relief can be granted. "A claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F.App'x 435, 435 (5th Cir. 2013). To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Evans testified at the omnibus hearing that the City of Meridian falsely arrested him. A charge of false arrest implicates the rights guaranteed under the Fourth and Fourteenth Amendments to be free from unreasonable seizures. Whether an arrest is illegal, and, therefore, constitutionally unreasonable, hinges on the absence of probable cause. *Baker v. McCollan*, 443 U.S. 137, 144-45 (1979); *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998). Thus, a claim for false arrest focuses on the validity of the arrest, not the charge, and an arrest may be validly made if there is probable cause, even if

the charge ultimately fails.  *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).  None of Evans's factual allegations support the absence of probable cause for his arrest.

Additionally, to hold the City liable under 42 U.S.C. § 1983, Evans must show that he suffered from a constitutional tort as a result of a municipal policy or custom.  *Zarnow v. City of Wichita Falls*, Tex., 614 F.3d 161, 166 (5th Cir. 2010).  Municipal liability cannot be sustained under a theory of respondent superior.  *Monell v. Dep't. of Social Services*, 436 U.S. 658, 691 (1978).  Evans makes no charge of a policy or custom of the City.

As held by Judge Jordan in 3:13cv1057, Evans's filings contain no "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Evans has made no factual allegations that his arrest was made without probable cause or linking any false arrest to a municipal policy or custom.

For these reasons, the Court finds that Evans has failed to state a claim upon which relief may be granted.  Defendants' Motions to Dismiss [63, 65] are granted, and this cause is dismissed.  Plaintiff's Motion to Dismiss all Defendants other than the City of Meridian [49] is granted.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 21st day of September 2015.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE